THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
PEDRO RODRÍGUEZ, Defendant and Appellant.

No. 12529.—Argued November 3, 1947.—Decided November 14, 1947.

*J. Ramírez Viñas* for appellant. *Luis Negrón Fernández, Attorney
General, J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On December 24, 1946, a criminal complaint for abandonment of children [1] was filed, in the Municipal Court of San

---

[1] Section 263 of the Penal Code, which defines the crime of abandonment and neglect of children, as amended by Act No. 35 of April 24, 1931 (Laws of 1931, p. 352), textually reads thus:

"Every parent of any legitimate, legitimated, natural, or acknowledged illegitimate and adopted child who wilfully omits, without lawful excuse to

Juan, against the appellant herein.[2] The charge was that he wilfully, maliciously, and without lawful excuse, had completely abandoned his minor daughter, Elba Lydia, seven years of age, by failing to furnish to her the necessary support, such as clothing, shelter, and medicine. Accordingly, trial was held and the defendant was found guilty. From said judgment the defendant appealed to the District Court of San Juan, which, after a trial *de novo,* also found him guilty and sentenced him to two months in jail and to pay the costs, but suspended the sentence provided that he deposited in the office of the Clerk of the Criminal Division the sum of $5, on Monday of each week, for the support of the above-mentioned child. Rodríguez thereupon appealed to this Court, and in support of his appeal he has assigned only one error, to wit:

"The lower court committed prejudicial error in finding that the defendant and the mother of the minor lived in concubinage and that the minor was his daughter."

██ To support that assignment, he cites only the decisions in *Vázquez* v. *De Jesús,* 65 P.R.R. 846, and *Montañez* v. *Rodríguez, ante,* p. 198.

The cases relied on, however, unlike the present one, are not criminal but civil. In the first of them the lower court

_____

perform any duty imposed upon him by law or to furnish necessary food, clothing or medical attendance to such child, is guilty of a misdemeanor; *Provided, however,* That when complaint is filed against a person under the provisions of this section and such person is sentenced, the court may suspend sentence under such condition as it may deem convenient to the welfare of the child."

[2] From the record it does not appear whether in this case the procedure established by Act No. 108 of April 30, 1940 (Laws of 1940, p. 672), was followed. However, the complaint need not allege such fact, although it is necessary that such requisite be complied with, since otherwise this Court would not acquire jurisdiction. *People* v. *Lamboy,* 59 P.R.R. 173, 177; *People* v. *Olavarrieta,* 59 P.R.R. 733; *People* v. *Ramos,* 61 P.R.R. 322; *People* v. *Emanuelli,* 61 P.R.R. 202, and *People* v. *Lugo,* 64 P.R.R. 529, 537. The presumption, of course, is "that the law has been obeyed." Subdivision 32 of § 464, Code of Civil Procedure, 1933 ed (§ 102, Law of Evidence) and *Onna* v. *The Texas Co.,* 64 P.R.R. 497, 501.

690

rendered judgment declaring the minor plaintiff a natural child of the defendant and adjudging the latter to furnish to the former $12.50 monthly as an allowance for support. On appeal, we reached the conclusion that the concubinage of the parents of the minor had not been proved, reversed the judgment appealed from, and dismissed the complaint in all its parts.

In the second case, this Court likewise dismissed the complaint in its entirety upon reaching the conclusion that the concubinage between the parents of the minor for which support was claimed had not been proved.

It should be noted, however, that in each of those cases the establishment of the filiation of the minors involved therein as well as an allowance for support, was demanded and that, due to the sole fact that the concubinage had not been proved, the complaints in both cases were dismissed in their entirety. In both cases credit was accorded to the evidence for the plaintiff, and the paternity was conceded, yet the support sought was not granted to the minors in question. Certainly this was an error, doubtless due to the fact that in both cases this Court focussed its attention on the relations existing between the respective mothers of the minors and the defendants, and on reaching the conclusion in each case that no concubinage existed, it failed to discuss the claim for support advanced as an incident to the action of filiation.[3]

---

[3] In *Sánchez* v. *District Court*, 64 P.R.R. 456, we said at p. 457;

"The question to be decided is whether it is proper to join in the same complaint an action of filiation with one for maintenance and support."

And at p. 458:

. . . "Both actions may be, as they were in this case, joined in a single complaint; but subject, of course, to the limitation contained in subdivision (*b*) of the said Rule 18, that is, that the *lower court could not sustain the second cause of action and adjudge the defendant to pay an allowance for support without first sustaining the first cause of action declaring the plaintiff an acknowledged natural daughter of the defendant.*" (Italics ours.)

The reasoning of this opinion will show that the *dictum* which we have italicized above is entirely erroneous.

In criminal prosecutions, as well as in civil cases, this Court has repeatedly held that once the paternity is established, the presumptive father is compelled to furnish support to his minor child; and that such paternity may be inquired into, in criminal cases as well as in civil proceedings.[4] *People* v. *Rohena,* 52 P.R.R. 301; *People* v. *López,* 54 P.R.R. 279; *People* v. *Rotger,* 55 P.R.R. 133; *People* v. *Pérez,* 55 P.R.R. 655; *People* v. *De Jesús,* 57 P.R.R. 694; *People* v. *Ramos,* 61 P.R.R. 322; *Rivera* v. *Cardona,* 56 P.R.R. 786; *Miranda* v. *Cacho,* 66 P.R.R. 521, 526, *Falcón* v. *Cruz, ante,* p. 496 and *Miranda* v. *Cacho, ante,* p. 482, and *Ramos* v. *Rosario, ante,* p. 641. For example, in *People* v. *López, supra,* we stated at p. 285:

" . . . The duty of the father arises from the material fact that he is the father. Once it has been duly proved that he is the father, and that so being he failed to discharge his duties in the manner established by the criminal law, the crime should be understood to have been committed."

And in *Rivera* v. *Cardona, supra,* after extensively citing the case of *People* v. *López,* we stated at p. 789:

" . . . however we fail, indeed, to see any reason for changing our opinion already formed where an action for support is involved in a civil case like the one before us."

Moreover, in *Miranda* v. *Cacho, supra,* at page 526, we said:

"Since the court *a quo* held that the child was a daughter of the defendant, but not a natural child, and since she was born out

---

[4] See §§ 128 and 129 of the Civil Code, 1930 ed., which provide:

"Section 128.—The illegitimate children lacking the lawful qualification of natural children are only entitled to such support from their parents, as is prescribed in section 143."

"Section 129.—The right to the support mentioned in the preceding section can only be exercised:

1. Where the paternity or maternity is inferred from a final judgment rendered in a criminal or civil action.

2. Where the paternity or maternity is shown by an indubitable document from the father or mother wherein the filiation is expressly recognized."

of wedlock, it must *necessarily be concluded, that she is an illegitimate child and, as such, entitled to maintenance and support.*"[5] (Italics ours.)

The fact that the minor claiming support is, as happens in this case, an adulterous child, does not alter in any way the rule already stated.[6] *People* v. *López,* 54 P.R.R. 279; *People* v. *Emanuelli,* 61 P.R.R. 202, 206; and *People* v. *Avilés,* 66 P.R.R. 278, 281. Cf. *Miranda* v. *Cacho, supra.*

 Indeed, the evidence required in filiation suits is and should be different from that required in those cases where only support is claimed for a minor. In the former, it is necessary to comply with the provisions of § 125 of the Civil Code, that is, there must be proved (1) the existence of an indubitable document wherein the putative father expressly acknowledges his paternity; (2) that the applicant is in the uninterrupted possession of the status of natural child of the defendant father, justified by acts of the latter or of his family; (3) that the mother was known to have lived in concubinage with the father, both during her pregnancy and at the time of the birth of the child; or (4) there may be introduced any authentic evidence to establish the paternity of the child. However, in cases of support or of abandonment and neglect of children, as we have already stated, and as it has been decided by this Court in the numerous cases cited above, proof of the paternity is sufficient to definitely establish the right to support, provided it is also shown, of course, that the child needs such support and the father is able to furnish it.

---

[5] Although it is true that in this case two of the justices of this Court dissented (p. 529), nevertheless their dissent was not due to any disagreement with the principle that an illegitimate child is entitled to support once the paternity has been established, but rather to the fact that they considered that the minor should have been declared an acknowledged natural child of the defendant.

[6] It is not necessary to discuss now the scope which Act No. 229 of May 12, 1942 (Laws of 1942, p. 1296), as amended by Act No. 243 of May 12, 1945 (Laws of 1945, p. 814), might have.

■ In the case at bar, ample oral evidence was introduced, and although there was some conflict in it, the conflict was resolved by the lower court. We do not find that in so doing it committed manifest error or acted under the influence of passion, prejudice, or partiality. Hence, it is our duty to uphold its findings. *Machuca v. Water Resources Authority,* 66 P.R.R. 174; *Rivera v. López,* 66 P.R.R. 201; *Graniela v. Yolande, Inc.,* 65 P.R.R. 100; *López v. Álvarez,* 64 P.R.R. 385; *Rivera v. Rossi,* 64 P.R.R. 683; *Figueroa v. American Railroad Company,* 64 P.R.R. 320; *Hernández v. Acosta,* 64 P.R.R. 166; *People v. Bernabe,* 63 P.R.R. 385; and *Velázquez v. Heirs of Blanco,* 50 P.R.R. 282.

Since the error assigned was not committed, the judgment appealed from should be affirmed.

Mr. Justice Snyder agrees with the result and with the opinion, except that he would omit therefrom the discussion of the cases of *Vázquez v. De Jesús,* 65 P.R.R. 846, and *Sánchez v. District Court,* 64 P.R.R. 456.